MAYOR, ETC., OF CITY OF NEW YORK v. NEW YORK & H. R. CO.

(*Supreme Court, General Term, First Department. May 13, 1892.*)

STREET RAILWAYS—FRANCHISES—DUTY TO PAVE STREETS.

A street railroad company was authorized to lay its tracks in certain streets, on condition that it should pave the streets in and about its rails. Afterwards it was authorized by ordinance to lay its tracks up Madison avenue to Seventy-Ninth street, or as far as the avenue might from time to time be opened, but nothing was said as to paving the streets; and later an act was passed authorizing it to extend its tracks in said avenue from Seventy-Ninth to Eighty-Sixth street, and from that point northerly as far as the avenue might from time to time be opened, but it did not expressly impose the condition that it should pave the street, merely providing that, in the construction, use, and operation of its tracks and extensions, it should have the same rights and privileges which it then possessed under former grants. The act also provided for the appointment of commissioners to fix the amount of compensation to be paid for the rights and privileges granted. *Held*, that the act did not impose on the company the duty of paving between its tracks north of Seventy-Ninth street.

Exceptions from circuit court, New York county.

Action by the mayor, aldermen, and commonalty of the city of New York against the New York & Harlem Railroad Company to recover the cost of

paving a street between and adjoining defendant's tracks. A verdict was directed for defendant, and plaintiff moved for a new trial on exceptions ordered to be heard at the general term in the first instance. Exceptions overruled.

Argued before VAN BRUNT, P. J., and O'BRIEN and ANDREWS, JJ.

*William H. Clark,* (*C. A. O'Neil* and *E. H. Hawke, Jr.,* of counsel,) for appellant. *Anderson & Howland,* (*H. H. Anderson,* of counsel,) for respondent.

VAN BRUNT, P. J. We have searched in vain in this record to find any ground upon which the plaintiff can predicate a recovery. This action was brought to recover the cost of paving a portion of Madison avenue between 125th and 135th streets, adjoining and between tracks used and occupied by the defendant in the operation of a railroad along Madison avenue at that point. It appears that the defendant was incorporated by a special act passed by the legislature in 1831, and under this act the defendant was given power to construct a single or double track railroad in certain parts of the city of New York, but not without the permission of the mayor, aldermen, and commonalty of the city of New York. Under various statutes and ordinances of the common council prior to 1858, the defendant acquired the right to lay its tracks in certain streets of the city upon condition of paving the streets in and about its rails in a satisfactory and permanent manner. By an ordinance of the common council approved in December, 1858, the defendant was authorized to lay a double track from its track at Fourth avenue and Forty-Second street, up that street to Madison avenue, and up Madison avenue to Seventy-Ninth street, or as far as the avenue might from time to time be opened. This ordinance of the common council was ratified by the legislature in 1859. And in 1872 the legislature passed an act authorizing and requiring the defendant to extend its tracks in Madison avenue from Seventy-Ninth to Eighty-Sixth street, and from that point northerly as far as the avenue might from time to time be opened. Section 2 provided that in the construction, use, and operation of the tracks and extensions therein authorized the company should have the same rights and privileges which it then possessed and exercised under former grants and laws. Section 3 provided for the appointment by the supreme court of commissioners to appraise and determine the amount of compensation to be paid annually, or in a gross sum, to the city for the rights and privileges granted by the act.

It is urged upon the part of the plaintiff that, as the law of 1872 confers certain rights and privileges upon defendant with respect to the route north of Eighty-Sixth street on Madison avenue, the acceptance by the defendant of such rights and privileges carried with it certain duties and obligations, which, although not mentioned in words in the law itself, are impliedly contained therein, the most important of which is the obligation to keep the street through which its tracks are laid in a reasonably safe and proper condition; and in support of this proposition we are referred to the case of *Mayor, etc.,* v. *Eighth Ave. R. Co.,* 118 N. Y. 389, 23 N. E. Rep. 550. The facts in the case cited are, however, entirely different and distinct from those which prevail in the case at bar. By reason of proceedings which took place prior to the year 1874, the privilege had been acquired by the Eighth Avenue Railroad Company to construct its track through Eighth avenue to the Harlem river, and an agreement was entered into by which it had been agreed that the cars run upon said line should be annually licensed by the mayor, and the proprietors of the road should pay for such license such sum as the common council might determine; and in pursuance of this authority the common council fixed the license fee for the cars, and the same was paid by the defendant from 1860 down to and including the year 1874. In that year the legislature passed an act requiring the Eighth Avenue Railroad Company to extend its track to the

Harlem river, and said act provided that, when the extension should be completed and put in operation, the company should use and maintain and operate its railroad during the term for which the company was incorporated, "subject only to the provisions of the general railroad act of this state, with its amendments, which are applicable to the railroad and extension hereby granted, except as herein provided." The claim for license fees for the cars having been made by the city, it was claimed by the railroad company that by this act it was relieved from such payment, there being no provision in the general railroad act for the payment of such a license fee. And it was held by the court that the acts under which the railroad company had acquired its right to run and the general railroad act should be construed together, and that the condition insisted upon was one which was prescribed in the grant which it originally received, and which it explicitly recognized and performed up to the time of the passage of the act of 1874, and it was because of this express agreement upon the part of the railroad company to pay this license fee that it was held to this liability. In the case at bar no such feature exists. The right to the extension from Seventy-Ninth street northward on Madison avenue sprang into existence with the act of 1872, and no burdens whatever were placed upon the acceptance of this franchise, except that it should pay the compensation to be determined by commissioners appointed by the supreme court. To ingraft another obligation upon the part of the defendant would be to impose a burden in addition to that which has been prescribed by the legislature. The defendant was not in the situation of the Eighth Avenue Railroad Company, who had agreed to pay these license fees upon its railroad as operated to the Harlem river. It would seem, therefore, that there is no basis for the claim advanced against the defendant in the case at bar. It may be, and probably is, the fact that the railroad company was more diligent in looking after its interests than were the legislators, who were bound to protect the corporation of the city of New York in legislation of this character. But this omission the courts cannot supply. Without some obligation existing upon the part of the defendant which can be found in the legislation which culminated in its right to build its railroad over the portion of the streets, the subject-matter of this legislation, the liability sought to be enforced against it cannot be established. We are of opinion, therefore, that the exceptions should be overruled, and the defendant have judgment upon the verdict, with costs.

ANDREWS, J., concurs.

O'BRIEN, J., (*concurring*.) The action was brought to recover the cost of paving a portion of Madison avenue between 125th and 131st streets, adjoining and between tracks used and occupied by the New York & Harlem Railroad Company in the operation of a street railroad along Madison avenue. The defendant was incorporated by chapter 263 of the Laws of 1831, and it was authorized, upon obtaining the permission of the plaintiff, to use a single or double track railroad in certain parts of the city. In 1832 the city consented to the building of defendant's railroad from Twenty-Third street to Prince street by an ordinance which provided for an agreement to be entered into between the city and the railroad company, and which required, as a condition upon the part of the company, that it should pave the streets in and about the rails "in a satisfactory and permanent manner, and keep the width of twenty feet of said paving, including the rails, in good repair at all times during its continuance in use thereof." In 1851 another agreement was entered into, by which the company was authorized to lay its tracks in Chatham street, under an agreement that provided that the company would grade all the portion of the street occupied by the track, and four feet on each side thereof, and keep the same in good repair, at its own expense. In 1858 an-

other ordinance was passed authorizing an extension of the road up Forty-Second street to Madison avenue, and up Madison avenue to Seventy-Ninth street. Nothing is said in this last ordinance with regard to paving or grading to be done by the company. In 1872 an act of the legislature authorized the extension from Seventy-Ninth street to Harlem river, and provided for compensation to be made for such right and privilege; and thereafter, upon proceedings had in the supreme court, commissioners were appointed to ascertain the amount of compensation which should be paid by the railroad company, which report was confirmed in 1885.

It is contended by the appellant that chapter 825 of the Laws of 1872, which contains the privilege last referred to, and which authorized the extension of the defendant's route from Seventy-Ninth street to Harlem river, should be so construed as to impose upon the defendant the obligation of paving the streets between its tracks and on each side thereof to the same extent as was imposed by the ordinance and agreement relating to the building of the defendant's road south of Twenty-Third street. It is insisted that, when the privilege of extending defendant's railroad north of Twenty-Third street was granted by the legislature by this act, the obligation imposed upon defendant as to paving between its tracks south of Twenty-Third street was extended by implication to the tracks north of that point; in other words, that the extension of the privileges carried with it an extension of all liabilities and obligations. It will be noticed, however, that the rights granted to the railroad company from time to time, affecting four different sections of its route as at present operated, imposed different duties and obligations. If the argument in regard to all the obligations imposed by ordinance or agreement in reference to tracks south of Twenty-Third street is to be extended to all that portion of the route north of Twenty-Third street, then not only the obligation of paving, but also of grading and the other duties imposed, should be included among the obligations to be assumed by the company in respect to its road north of Seventy-Ninth street. In other words, the same argument which would require an extension of the obligation to pave north of Seventy-Ninth street would also apply to all other obligations imposed by the terms of the ordinances and agreements relating to the route south of Seventy-Ninth street. However liberally we may construe in favor of the public, and strictly against the grantee, the privileges conferred by chapter 825 of the Laws of 1872, we have been referred to no authority where, in the absence of any ambiguity or obscurity in the terms of the grant, the court is at liberty to interpolate into the contract made between the state and the railroad company a condition which the legislature itself did not include. We think it clear from authority that, in order to enforce the claim here made by the city, some specific obligation imposed upon the company, either by its charter or special agreement or the law, should be pointed out. This the plaintiff has failed to do. And we think that in construing the act of 1872, and the court proceedings thereunder, it must be held that they constituted the grant of a new franchise to the defendant, the compensation for which was fixed by the commissioners, which was the agreed price to be paid therefor; and that the common council has no power to impose, as a further condition, price, or compensation, the obligation that the company shall pay for the paving of the avenue between its tracks. We have been referred to some cases in which it has been held that where a corporation uses a highway for its special benefit it must maintain the same in reasonable repair. These, however, related to railroads operated by steam, and involved an entirely different principle from the one for which the plaintiff here contends, which is that it is the duty of a street railway to keep the space between its tracks in a reasonably safe condition, although no provision to that effect is contained in its charter, or in any city ordinance, or imposed by legislative act. This view we do not think can be supported by authority, and we are therefore of

opinion that the disposition made by the learned trial judge in directing a verdict for the defendant is correct, and we think, accordingly, that the exceptions should be overruled, and judgment ordered for the defendant, with costs.